### BRYAN *vs.* THE STATE OF GEORGIA.

1. There was no error of which the defendant could complain in charging that "when the testimony relied on to convict was entirely circumstantial it should be so strong as to exclude every reasonable hypothesis but that of his guilt; that it must be sufficient in law to remove all reasonable doubt; that if there was any other reasonable hypothesis upon which it could be placed, then there would be room for reasonable doubt, and if they had a reasonable doubt, it was their duty to give the defendant the benefit of it and to acquit him; but whether the testimony be positive or circum-

McAlister vs. The State of Georgia.

stantial, if it removed from their minds all such reasonable doubt, then it would be sufficient to authorize them to convict." Hopkins' Penal Laws, §§474, 475, 476, 489, 2093.

2. There was no error in charging on the defence of alibi, that if it was shown that the defendant was at a place that rendered it impossible for him to have taken the cotton alleged to have been stolen, then he could not be found guilty, but this should be shown, in order to render this defence complete and perfect. When taken in connection with the charge as to circumstantial evidence and the effect of reasonable doubts, the charge was fair and just. 34 *Ga.*, 110, 114, 117; 59 *Id.*, 142; 63 *Id.*, 85, 88, 89; 65 *Id.*, 756, 759; 70 *Id.*, 651.

3. Under a charge of larceny, the evidence showed that the stolen cotton was traced to the vicinity of the defendant's residence, and was hidden in a pine thicket near by; that the wagon and human tracks, which led to the point where the cotton was deposited, led also from that place to the defendant's house; that one of the footprints corresponded with his tracks, which had some marked peculiarities, and the impressions made by the wheels of the wagon strongly resembled those made by the wheels of one of the wagons found where the defendant lived; and that no other person dwelling there had so large and peculiar a foot as he. In his statement, he failed to explain these facts:

*Held*, that a conviction was warranted by the evidence.

Judgment affirmed.

October 21, 1884.

HALL, Justice.